# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF GERALDINE KIRK-HUGHES, BAR NO. 3444.

No. 75467

**FILED**

NOV 29 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER IMPOSING COSTS*

This is a review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court impose the costs of a disciplinary proceeding on attorney Geraldine Kirk-Hughes. *See* SCR 105(3)(a) (allowing an appeal from a hearing panel decision). Previously, this court imposed a four-year suspension from the practice of law on Kirk-Hughes due to multiple violations of Nevada's Rules of Professional Conduct. *In re Discipline of Kirk-Hughes*, Docket No. 68880 (Order of Suspension and Remand, Dec. 11, 2017). The order of suspension included a remand to the panel on its recommendation to impose SCR 120 costs, however, because Kirk-Hughes did not have an opportunity to challenge those costs before the hearing panel. *Id.* On remand, after briefing and a hearing, the hearing panel recommended that Kirk-Hughes pay $53,757.12 in costs. That amount included bar counsel and staff salaries for time spent investigating and resolving the three grievances that led to Kirk-Hughes' suspension. Kirk-Hughes challenges the panel's recommendation.

18-906329

Under SCR 105(3)(b), this court reviews findings of fact in disciplinary proceedings, such as those supporting the imposition of costs, deferentially. Thus, this court will not set the panel's findings of fact aside unless they are not supported by substantial evidence. *See generally Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009).

Kirk-Hughes first argues that there is no jurisdiction to impose costs because there was no discipline imposed in this case. We disagree. Our prior order included a remand which allowed the underlying disciplinary case to continue so that Kirk-Hughes could challenge the costs requested by the State Bar and recommended by the panel. Because the costs are part of the disciplinary proceeding that resulted in Kirk-Hughes' suspension, we have jurisdiction to impose costs under SCR 120(1).

Kirk-Hughes next argues that any award of costs is unreasonable because the State Bar violated the law when conducting its investigation. We considered these allegations of illegality in our prior order, however, and concluded that Kirk-Hughes waived these arguments. *In re Discipline of Kirk-Hughes*, Docket No. 68880. We decline to address these arguments now.

Kirk-Hughes' final argument is that the $35,000 in staff salaries requested by the State Bar are unreasonable because substantial evidence did not support the request. Having reviewed the record, we agree. SCR 120(3) allows for the assessment of administrative costs such as bar counsel and staff salaries that are allocable to a discipline proceeding. The rule provides a mandatory minimum amount of administrative costs that

varies depending on the severity of the discipline imposed. Here, the minimum amount of administrative costs is $2,500. SCR 120(3). The amount requested in this case based on staff salaries far exceeds the SCR 120(3) minimum. To support the request, assistant bar counsel testified that the disciplinary investigation and prosecution took over five years and involved more than 10,000 documents and a five-day hearing. She acknowledged that bar counsel and its staff do not keep records of the time spent on individual discipline matters but estimated that they spent at least 350 hours working on this discipline matter. Using an hourly rate of $100, she requested $35,000. Although we do not doubt that this case required more staff resources than a routine discipline case, the estimates offered by the State Bar do not amount to substantial evidence to support the finding that $35,000 in staff salaries are allocable to this case. We therefore decline to assess administrative costs beyond the minimum amount provided in SCR 120(3), $2,500. The remaining costs requested by the State Bar can be assessed under SCR 120(1), are supported by substantial evidence in the record, less one Legal Express charge for $42.50,[1] and are unchallenged by Kirk-Hughes.

Based on the foregoing we impose $2,500 in administrative costs under SCR 120(3) and $18,714.62 in other costs under SCR 120(1), for

---

[1]Invoice No. 2015000612 in the March 13, 2018, Second Amended Memorandum of Costs.

a total cost assessment of $21,214.62. Kirk-Hughes shall pay these costs within 30 days from the date of this order.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Chair, Southern Nevada Disciplinary Panel
Kirk-Hughes & Associates
Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada

SUPREME COURT
OF
NEVADA

(O) 1947A

4